JACK OSWALD (OSB #871330)
VIRGINIA G. MITCHELL (OSB #850681)
OSWALD & MITCHELL
12100 S.W. Allen Boulevard
Beaverton, Oregon 97005
oswaldmitchell@aol.com
T: (503) 626-7917 F: (503) 671-9398

Attorneys for Plaintiff
BRYAN BENNETT

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRYAN BENNETT, | CASE NO. |
| Plaintiff, | COMPLAINT<br>Wage Claim Action<br>(29 U.S.C. §207(a)(1); 29 U.S.C. § 206;<br>ORS 653.025, ORS 653.261(1)) |
| v. | |
| SKC INVESTMENT, INC., dba Club Heat,<br>and MITCHELL STANLEY, | |
| | <u>DEMAND FOR JURY TRIAL</u> |
| Defendants. | |

1. This is an action for unpaid minimum and overtime wages under federal and state law.

PARTIES

2. Plaintiff is a resident of Portland, Oregon.

3. Defendant SKC Investment, Inc. is now and has been at all times material herein an Oregon corporation with its principal place of business in Portland, Oregon. Plaintiff is informed and believes, and on that basis alleges, that defendant Mitchell Stanley has been at all times material herein an employer of plaintiff pursuant to 29 U.S.C. §203(d) and ORS

PAGE 1 – COMPLAINT

652.310(1).

JURISDICTION AND VENUE

4. Jurisdiction of this Court is founded on 28 U.S.C. §1331 and 28 U.S.C. §1367(a) and venue is founded on U.S.C. §1391.

FIRST CLAIM FOR RELIEF

(Failure to Pay Minimum Wages)

(In Violation of 29 U.S.C. §206)

5. Plaintiff realleges paragraphs 1-4 above.

6. At all times material herein defendant SKC Investments, Inc. owned and operated a business managing adult dance clubs in Oregon, doing business as Club Heat. At all times material herein defendant Mitchell Stanley managed the operations of the defendant corporation, including controlling the hiring and compensation of employees including plaintiff.

7. Plaintiff worked as a disc jockey worker for defendants at the business premises of Club Heat from June 23, 2011 to April 17, 2013. At all material times herein, defendants engaged in interstate commerce, had more than two employees and had annual gross revenues greater than $500,000.00.

8. While so employed by defendants plaintiff was to not paid for his labor even though plaintiff worked from 24 to 48 hours every work week from June 23, 2011 to April 17, 2013. Therefore, defendants failed to pay plaintiff the federal minimum wage of $7.25 per hour for all of the weeks plaintiff worked for defendants, in the total amount of $22,286.50 of earned but unpaid federal minimum wages in violation of 29 U.S.C. §207(a)(1).

9. Plaintiff is due liquidated damages equal to the amount of unpaid federal minimum wages pursuant to 29 U.S.C. §216(b).

10. Plaintiff is entitled to recover the attorneys' fees he has and will incur in prosecution of this action pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF

(Failure to Pay Overtime Wages)

(In Violation of 29 U.S.C. §207(a)(1))

11. Plaintiff realleges paragraphs 1-4, and 6 above.

12. For the pay periods February 26-March 3, 2012, when plaintiff worked 48 hours, November 11-17, 2012 when plaintiff worked 41 hours, and December 2-8, 2012, when plaintiff worked 48 hours, plaintiff was not paid for the overtime hours that he worked. Defendants' failure to pay overtime to plaintiff was willful in that they either knew, or showed reckless disregard, of their duty to pay plaintiff overtime.

13. At the time plaintiff left defendants' employment plaintiff was not paid $74.80 in overtime pay in violation of 29 U.S.C. §207(a)(1).

14. Plaintiff is due liquidated damages equal to the amount of unpaid overtime pursuant to 29 U.S.C. §216(b).

15. Plaintiff is entitled to recover the attorneys' fees he has and will incur in prosecution of this action pursuant to 29 U.S.C. §216(b).

## THIRD CLAIM FOR RELIEF

(Failure to Pay Oregon Minimum Wage)

16. Plaintiff realleges paragraphs 1-4 and 6-7 above.

17. While so employed by defendants plaintiff was to not paid for his labor even though plaintiff worked from 24 to 48 hours every work week from June 23, 2011 to April 17, 2013. Therefore, defendants failed to pay plaintiff the Oregon minimum wage of $7.25 per hour

for all of the weeks plaintiff worked for defendants, in the total amount of $22,286.50 of earned but unpaid   Therefore, defendants failed to pay plaintiff the Oregon minimum wage of $8.50 per hour for all of the weeks plaintiff worked for defendants in 2011, of $8.80 per hour for all of the weeks plaintiff worked for defendants in 2012, and of $8.95 per hour for all of the weeks plaintiff worked for defendants in 2013, in the total amount of $26,878.40 of earned but unpaid Oregon minimum wages in violation of ORS 653.025.

18.  Plaintiff left defendants' employment on or about April 17, 2013.  Plaintiff is informed and believe, and therefore alleges that, at the time the wages became due to plaintiff, defendants were financially able to pay the wages but willfully withheld payment of them, and have not paid them since the termination of plaintiff's employment with defendants, therefore there is now due from defendants to plaintiff as a statutory penalty for the nonpayment of earned minimum wages in the sum of $2,140.00 pursuant to ORS 652.150 and for failure to pay all wages owed at plaintiff's termination of employment with plaintiff.  On or about July 1, 2013, counsel for plaintiff wrote to defendants demanding payment of plaintiff's past due minimum wages but defendants have not paid such past due wages.

19.  Plaintiff is entitled to recover the attorneys' fees he has incurred and will incur in prosecution of this action pursuant to ORS 652.150.

20.  Plaintiff is also entitled to recover prejudgment interest at the legal rate from the time such wages should have been paid until paid.

FOURTH CLAIM FOR RELIEF

(Failure to Pay Oregon Overtime Wages)

21.  Plaintiff realleges paragraphs 1-4 and 6-7 above.

22.  For the pay periods February 26-March 3, 2012, when plaintiff worked 48

hours, November 11-17, 2012 when plaintiff worked 41 hours, and December 2-8, 2012, when plaintiff worked 48 hours, plaintiff was not paid for the overtime hours that he worked.

23.  At the time plaintiff terminated his employment with defendants, he was not paid a total of $74.80 in overtime pay, in violation of ORS 652.140 and ORS 653.261(1).

24.  Plaintiff left defendants' employment on or about April 17, 2013.  Plaintiff is informed and believe, and therefore alleges that, at the time the wages became due to plaintiff, defendants were financially able to pay the wages but willfully withheld payment of them, and have not paid them since the termination of plaintiff's employment with defendants, therefore there is now due from defendants to plaintiff as a statutory penalty for the nonpayment of earned minimum wages in the sum of $2,148.00 pursuant to ORS 652.150 and for failure to pay all wages owed at plaintiff's termination of employment with plaintiff.  On or about July 1, 2013 counsel for plaintiff wrote to defendants demanding payment of plaintiff's past due minimum wages but defendants have not paid such past due wages.

25.  Plaintiff is entitled to recover the attorneys' fees he has incurred and will incur in prosecution of this action pursuant to ORS 652.150.

26.  Plaintiff is also entitled to recover prejudgment interest at the legal rate from the time such wages should have been paid until paid.

WHEREFORE, plaintiff prays for judgment against the defendants as follows:

1. On his First Claim for Relief:

    A.  The sum of $22,286.50 for earned but unpaid minimum wages.

    B.  Liquidated damages of $22,286.50, which is equal to the amount of unpaid overtime pursuant to 29 U.S.C. §216(b);

    C.  Plaintiff's reasonable attorneys' fees.

    D.  An award of costs and disbursements.

    E.  For such other and further relief as the court deems just and proper.

2. On his Second Claim for Relief:

    A.  The sum of $74.80 for earned but unpaid overtime wages.

    B.  Liquidated damages of $74.80, which is equal to the amount of unpaid overtime pursuant to 29 U.S.C. §216(b);

    C.  Plaintiff's reasonable attorneys' fees.

    D.  An award of costs and disbursements.

    E.  For such other and further relief as the court deems just and proper.

3. On his Third Claim for Relief:

    A.  The sum of $26,878.40 for earned but unpaid wages.

    B.  The penalty pursuant to ORS 652.150 in the amount of $2,148.00 for failure to pay minimum wages.

    C.  The penalty pursuant to ORS 652.150 in the amount of $2,148.00 for failure to pay wages owed at termination of employment.

    D.  Pre-judgment interest on unpaid wages at the legal rate in an amount to be proved at trial.

    E.  Plaintiff's reasonable attorneys' fees.

    F.  An award of costs and disbursements.

    G.  For such other and further relief as the court deems just and proper.

4. On his Fourth Claim for Relief:

    A.  The sum of $74.80 for earned but unpaid overtime wages.

      B.  The penalty pursuant to ORS 652.150 in the amount of $2,148.00 for failure to pay overtime wages.

      C.  The penalty pursuant to ORS 652.150 in the amount of $2,148.00 for failure to pay wages owed at termination of employment.

      D.  Pre-judgment interest on unpaid wages at the legal rate in an amount to be proved at trial.

      E.  Plaintiff's reasonable attorneys' fees.

      F.  An award of costs and disbursements.

      G.  For such other and further relief as the court deems just and proper.

DATED: August 8, 2013.              OSWALD & MITCHELL

                                        /s/ Jack Oswald
                                        Jack Oswald (OSB #871330)
                                        Attorneys for Plaintiff
                                        BRYAN BENNETT

## JURY DEMAND

Plaintiff respectfully demands trial by jury.

DATED: August 8, 2013.              OSWALD & MITCHELL

                                        /s/ Jack Oswald
                                        Jack Oswald (OSB # 871330)
                                        Attorneys for Plaintiff
                                        BRYAN BENNETT